UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHILA M., <br>           Plaintiff, <br> v. <br> KILOLO KIJAKAZI, <br>           Defendant. | Case No. 21-cv-02600-DMR <br><br> **ORDER ON MOTION FOR ATTORNEYS' FEES** <br> Re: Dkt. No. 28 |

Plaintiff Shila M. moves the court pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, for an award of attorneys' fees after securing a voluntary remand to the Social Security Administration ("SSA") for further proceedings. [Docket No. 26.] Kilolo Kijakazi, the Commissioner of Social Security, opposes the motion. [Docket No. 29.] This matter is suitable for resolution without a hearing. Civ. L.R. 7-1(b). For the reasons given below, the court grants Plaintiff's motion.

**I.  BACKGROUND**

Plaintiff filed an application for Social Security Disability Insurance in October 2018. The SSA denied the application in December 2018 and again on reconsideration in March 2019. She then appealed to an Administrative Law Judge who found her not disabled on December 26, 2019. After the Appeals Council denied her request for review, Plaintiff filed this action, seeking judicial review on numerous grounds. On January 21, 2022, the court granted the parties' stipulation for voluntary remand of this case pursuant to sentence four of 42 U.S.C. § 405(g) and entered judgment in Plaintiff's favor. [Docket Nos. 26, 27.]

Plaintiff timely filed the pending motion for EAJA fees in the amount of $22,406.62. [Docket No. 28.] In her reply brief, she reduced the amount she seeks to $21,536.46. [Docket No. 30.] She does not seek any fees for litigating the instant motion. *See id*.

## II. LEGAL STANDARD

The EAJA provides for an award of attorneys' fees to prevailing parties in cases seeking judicial review of federal agency action:

> [e]xcept as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "Thus, eligibility for a fee award in any civil action requires: (1) that the claimant be a 'prevailing party'; (2) that the Government's position was not 'substantially justified'; (3) [and] that no 'special circumstances make an award unjust.'" *Comm'r v. Jean*, 496 U.S. 154, 158 (1990).

To be deemed the prevailing party under the EAJA, a plaintiff must demonstrate that "(1) as a factual matter, the relief sought by the lawsuit was in fact obtained as a result of having brought the action, and (2) there was a legal basis for the [plaintiff's] claim." *Andrew v. Bowen*, 837 F.2d 875, 877-78 (9th Cir. 1988) (citation omitted). The government's position is substantially justified if the government proves that it has a "reasonable basis in law and fact." *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *accord Yang v. Shalala*, 22 F.3d 213, 217 (9th Cir. 1994) (citation omitted). This analysis focuses on "the particular issue on which the claimant earned remand" and not on whether the government's ultimate determination was substantially justified. *Hardisty*, 592 F.3d at 1078 (citation omitted).

## III. DISCUSSION

In this case, there is no dispute that Plaintiff qualifies as a prevailing party because her suit secured a remand of the SSA's final administrative decision. *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001) ("An applicant for disability benefits becomes a prevailing party for the purposes of the EAJA if the denial of her benefits is reversed and remanded regardless of whether disability benefits ultimately are awarded."). The Commissioner does not contend that her position here was substantially justified or that special circumstances make an award unjust.

2

Therefore, Plaintiff is entitled to an award as a prevailing party under 28 U.S.C. § 2412(d).

When awarding a party attorneys' fees pursuant to the EAJA, the court must determine the reasonableness of the fees sought. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). This inquiry generally entails determining "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). An award may be reduced if the movant provided inadequate documentation of the fees requested, the hours spent by counsel were unreasonable, or the movant achieved "limited success" in the litigation. *Id.* at 1146-47 (citing *Hensley*, 461 U.S. at 433-34, 436-37).

Plaintiff submits a declaration from the attorney who worked on her case, Helena Jordan. Jordan billed 103 hours of time on this matter. [Docket No. 28-2 (Jordan Decl., Apr. 21, 2022) ¶ 3.] Plaintiff seeks the statutory mandated hourly rate, which was $217.54 for work performed in 2021.[1] Mot. 6 (citing https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 25, 2022)).

The Commissioner does not dispute the hourly rate for Jordan. Rather, she objects to the hours billed by Jordan as "patently unreasonable." Opp'n 1. Specifically, the Commissioner argues that Plaintiff's proposed fee award is unreasonable for two reasons: 1) Plaintiff seeks 7.5 hours of attorney time drafting and filing an IFP application and the complaint, which the Commissioner argues are "clerical tasks"; and 2) the time spent on the opening brief is unreasonable given the "routine" issues raised. *Id*. at 2, 5.

As to the first argument, the Ninth Circuit has explained that "purely clerical or secretarial tasks should not be billed at a paralegal [or lawyer's] rate, regardless of who performs them . . ." *Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on denial of reh'g,* 984 F.2d 345 (9th Cir. 1993) (alteration in original) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)). Plaintiff's counsel concedes that an April 9, 2021 time entry for four hours related to "[f]inalizing filing docs and submitting them" "may have contained

---

[1] Plaintiff seeks the same rate for three hours of work billed in 2022, even though the rate for the first half of 2022 increased to $231.49. *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited Sept. 25, 2022)).

3

clerical work" and withdraws that time. Reply 2. Accordingly, Plaintiff's proposed fee award will be reduced by $870.16.

With respect to the remaining 3.5 hours for work related to the complaint and IFP application, the Commissioner argues that Plaintiff is not entitled to more than two hours for such work "in light of the pro forma nature of a complaint" for review of a disability determination. Opp'n 3. She notes that many courts provide "simple resources for pro se complainants to file a complaint seeking judicial review of the Commissioner's final decision," which she claims "underscore that there is no need to expend significant resources at the complaint stage." *Id*. (citations omitted). Yet this ignores that the Honorable Edward J. Davila, who originally presided over this case, dismissed the boilerplate complaint form and required Plaintiff to file an amended complaint detailing "the nature of her disagreement with the Commissioner's findings." [Docket No. 5.] Additionally, Judge Davila denied Plaintiff's original IFP application on the ground that certain responses were "seemingly inconsistent," and Plaintiff filed a renewed IFP application that consisted of a detailed declaration about her finances. [*See* Docket Nos. 5, 7.] The court finds that Plaintiff's request for 3.5 hours for work performed in connection with the amended complaint and IFP application is not unreasonable.

As to the Commissioner's second argument, she notes that Plaintiff "raised a myriad of issues in this case" but that her argument presented only "three routine areas." According to the Commissioner, the amount of time counsel spent on the opening brief—88 hours—is unreasonable and excessive, particularly since the parties stipulated to a remand after that brief. Opp'n 5. The Commissioner suggests that the fee request is higher "due to the inexperience of Plaintiff's counsel," citing a PACER search that reveals that this case is counsel's first in which she appeared as counsel of record. Opp'n 5-6, Ex. 1. The Commissioner argues that it is unreasonable to shift the financial burden of training counsel onto the government and contends that the court should reduce the hours spent on the opening brief by 60 percent, to 35.2 hours, for a total of $7,657.41. Opp'n 6.

"Social security cases are fact-intensive and require a careful application of the law to the testimony and documentary evidence, which must be reviewed and discussed in considerable

4

detail." *Patterson v. Apfel*, 99 F.Supp.2d 1212, 1213 (C.D. Cal. 2000). Notwithstanding the Commissioner's argument that this case presented "routine" issues, the administrative record in this case was over 1,200 pages long, with over 900 pages of medical records, and Plaintiff challenged the ALJ's decision on eight separate grounds. [*See* Docket No. 22 (Pl.'s Mot. for Summ. J.) at 1.] *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1134 n.1 (9th Cir. 2012) (noting that "the term 'routine'" as used to describe social security disability cases "is a bit of a misnomer" since such cases "are often highly fact-intensive and require careful review of the administrative record, including complex medical evidence"); *Kee v. Berryhill*, No. 16-CV-05170-MMC, 2018 WL 4566906, at *2 (N.D. Cal. Sept. 21, 2018) (where the Commissioner argued that 87.4 hours claimed are "beyond [the] hours normally expended by attorneys in similar disability cases" and cited cases basing fee awards on lower numbers of hours, court held that "reviewing 'the amount of time spent on other cases' is 'far less useful for assessing how much time an attorney can reasonably spend on a specific case because that determination will always depend on case-specific factors'" and found the number of hours was "reasonable in light of the size of the record and the issues presented therein.").

Moreover, although "a district court will always retain substantial discretion in fixing the amount of an EAJA award," *Jean*, 496 U.S. at 163, a reduction of fees greater than 10 percent requires "specific" and "persuasive" reasons from opposing counsel. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (allowing a small reduction of no more than a 10 percent at the court's discretion). Here, the Commissioner's request would result in a 60 percent reduction in the amount of fees requested by Plaintiff's counsel and appears to be based solely on defense counsel's opinion about the amount of time that counsel should have spent on the case. However, the Ninth Circuit has instructed that courts should generally "defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case." *Id*. at 1112. Moreover, Plaintiff disputes that the fees "include time for learning the law," noting that Jordan had been practicing social security disability law for over two years before filing the complaint and that she represented Plaintiff before the Appeals Council in March 2020. Reply 6 (citing Administrative Record 270-78).

5

1    Having carefully reviewed the time entries, the court finds that the number of hours claimed in this case is high, particularly since the parties stipulated to remand after Plaintiff filed her opening brief and Plaintiff was not required to review and respond to a cross motion for summary judgment. *See, e.g., Mitford v. Kijakazi*, No. 20-CV-05360-TSH, 2021 WL 6052006, at *3, 5 (N.D. Cal. Dec. 21, 2021) (concluding that claimed 59.2 attorney hours and 30.7 hours of paralegal time was "on the high end for a Social Security case" in which parties stipulated to remand after opening brief, collecting cases, and imposing a 10 percent reduction). Plaintiff does not convincingly explain why so many hours were expended on the opening brief, arguing only that the issues were "complex" and the administrative record and medical records were lengthy and time consuming to review, and noting that the case presented a novel issue of law regarding medical opinion evidence. Reply 5. Accordingly, the court exercises its discretion and imposes a reduction of 10 percent, a "haircut." *See Costa*, 690 F.3d at 1136. As noted, Plaintiff requests a total of $21,536.46 for 99 hours of work by Jordan (which includes the reduction of four hours for clerical work). The court awards Plaintiff a total of $19,382.81, which reflects the 10 percent reduction.

Finally, as Plaintiff assigned her EAJA fees to counsel, this fee award shall be paid directly to counsel, subject to any debt offset. [*See* Docket No. 28-3 (Assignment Agreement between Plaintiff and counsel).] *See Valle v. Berryhill*, No. 16-CV-02358-JSC, 2018 WL 1449414, at *3 (N.D. Cal. Jan. 18, 2018) ("[a]s Plaintiff assigned her EAJA fees to [counsel] (Dkt. No. 26-3), Plaintiff's award, subject to any debt offset, shall be paid directly to Plaintiff's counsel." (citing cases)).

**IV. Conclusion**

For the foregoing reasons, Plaintiff's motion for an award of attorneys' fees is granted in the amount of $19,382.81.

**IT IS SO ORDERED.**

Dated: October 3, 2022



_____
Donna M. Ryu
United States Magistrate Judge